IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Samuel Evans, ) | C/A No. 6:15-573-DCN-JDA |
| ) | |
| Plaintiff, ) | |
| ) **REPORT AND RECOMMENDATION** | |
| vs. ) | |
| ) | |
| Christ Foster; Paul S. Wilkerson, Jr.; Sandra ) | |
| Williams; and Thirteenth Circuit Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Michael Samuel Evans ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Livesay Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

To support his contention that he did not commit an armed robbery at the Taco Bell, for which a jury found him to be guilty, Plaintiff alleges the following facts. Christ Foster ("Foster") was an assistant solicitor in 1999 with the Thirteenth Judicial Circuit Office, Greenville County ("Thirteenth Circuit Office"), and she prosecuted the state criminal case against Plaintiff. [Doc. 1 at 3–5.] Although there was a video tape recorded from the crime scene and Plaintiff's attorney filed a motion for discovery, Foster and the Thirteenth Circuit Office did not permit Plaintiff's attorney to review the video tape. [*Id.*] Also, since his conviction, the video tape has not been disclosed to any of his attorneys, including his appointed PCR attorney. [*Id.*] Thus, Plaintiff contends Foster concealed the truth about the

crime, tampered with evidence, and allowed perjury as testimony, all in violation of his constitutional rights.

Paul S. Wilkerson, Jr. ("Wilkerson") was employed with the Greenville County Police Department in October of 1998, the date of the armed robbery for which Plaintiff was convicted. [*Id.* at 6–8.] He collected the video tape evidence from the Taco Bell camera, but he did not disclose it to Plaintiff's attorney before the criminal trial. [*Id.*] The video tape would have proven Plaintiff's innocence, but Wilkerson and others would not reveal it to any of Plaintiff's attorneys or to Plaintiff. [*Id.*] The victim testified that Plaintiff was not the person who robbed him in October of 1998, so the video tape would have supported the victim's testimony. [*Id.*]

Sandra Williams ("Williams") was the court reporter at Plaintiff's trial in July of 1999. [*Id.* at 9–11.] Plaintiff received an incomplete transcript, and large portions of the trial were not transcribed. [*Id.*] A state court ordered that Plaintiff have a hearing to reconstruct the record, which was done; however, the hearing was inadequate because audio tapes and notes were missing. [*Id.*] When Williams' employment with the state ended, she took Plaintiff's trial tapes and notes with her. [*Id.*] Thus, the trial tapes and notes were essentially "missing," and he has not had a complete record of his trial for sixteen years. [*Id.*]

Plaintiff requests the following relief. He seeks to be acquitted of all criminal charges and for immediate release from prison. [*Id.* at 3–11.] He desires an evidentiary hearing so that he may inspect and review certain evidence or determine if the Taco Bell video tape and court reporter tapes and notes from his trial are missing. [*Id.*] He seeks damages for

his pain and suffering and each day of imprisonment. [*Id.*] He requests that criminal contempt and obstruction of justice charges be pursued against Defendants. [*Id.*]

It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). On or about December 15, 2005, Plaintiff filed a § 2254 habeas action in this Court seeking to challenge his 1999 state conviction by a jury of armed robbery, conspiracy, and assault and battery of a high and aggravated nature. *See* Report and Recommendation, *Evans v. Rushton*, C/A No. 9:05-3469-DCN-GCK (D.S.C. Sept. 7, 2006), ECF No. 18, *adopted by* Order (Feb. 15, 2007), ECF No. 21. This Court granted Respondent's motion for summary judgment. *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with

screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and

laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges the two essential elements to state a claim pursuant to § 1983, his claim is premature because he is currently serving a sentence for a conviction that has not yet been invalidated. The holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), prohibits Plaintiff from bringing this civil rights action. In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Here, if Plaintiff were to prove in this § 1983 action that certain evidence was withheld from him and his attorney that would have demonstrated Plaintiff did not commit the armed robbery, such a finding would necessarily imply that Plaintiff's state conviction of armed robbery and sentence are invalid. Plaintiff is currently serving his sentence for armed robbery, and Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. Thus, because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[*]

As noted above, in addition to damages, Plaintiff directly seeks to overturn his 1999 state conviction and release from prison. However, such relief is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). Although Plaintiff did not file this case on this Court's habeas form, if it had been deemed a habeas action, it still would be subject to dismissal. It would be successive to Plaintiff's first § 2254 action which was decided on the merits. In order for this Court to consider a successive § 2254 petition, a petitioner must obtain a Pre-Filing Authorization from the

---

[*] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 278 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003).

To the extent Plaintiff brings this action requesting that criminal contempt and obstruction of justice charges be pursued against Defendants, this requested relief has no basis in law. Plaintiff cannot have this Court prosecute criminal charges against Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

March 10, 2015                                          s/Jacquelyn D. Austin
Greenville, South Carolina                     United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).